

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JAN – 4 2010

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

| | | |
|---|---|---|
| TERENCE ALEX STEWART | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2142-M |
| | § | |
| JUDGE JOHN CREUZOT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Terence Alex Stewart, a pretrial detainee, against state district judge John Creuzot, his court coordinator, and Dallas County District Attorney Craig Watkins.  On November 10, 2009, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*.  Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit.  Plaintiff answered the interrogatories on December 14, 2009.  The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, who is awaiting trial on theft charges, complains that he was incarcerated for three to five days before a lawyer was appointed to represent him, and that he did not meet with his appointed counsel until 26 days after his arraignment. Because of these delays, plaintiff did not have an opportunity to request an examining trial or to testify before the grand jury. Plaintiff blames the judge and his coordinator for the delay in appointing counsel, and faults the district attorney for presenting the case to the grand jury before he could meet with his attorney. By this suit, plaintiff seeks money damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

      (i)     is frivolous or malicious;

      (ii)    fails to state a claim on which relief may be granted; or

      (iii)   seeks monetary relief against a defendant who is immune from
            such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain

detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff's claims are subject to summary dismissal for at least three reasons. First, judges, court clerks, and prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (judges); *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (court clerks).

Second, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a party may not maintain a civil rights action based on the legality of a prior or pending criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the claim is barred unless the conviction has been reversed or been declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). Plaintiff's claims plainly imply the invalidity of his pending criminal prosecution. Therefore, plaintiff cannot maintain a civil rights action until the criminal charges are dismissed or, if convicted, his conviction is overturned on direct appeal or collateral review.

Finally, plaintiff does not allege any facts to suggest that the initial delay in appointing counsel and the delay in meeting with his court-appointed lawyer amount to a constitutional violation. Plaintiff's primary complaint is that he was not given an examining trial and was not allowed to testify before the grand jury. However, there is no federal constitutional right to an examining trial. *See Stewart v. Dickey*, No. 3-09-CV-0383-B, 2009 WL 1956454 at *3 (N.D. Tex. Jul. 6, 2009), *citing Texas v. Reimer*, 678 F.2d 1232, 1233 (5th Cir. 1982) (summarily dismissing civil rights action brought by the plaintiff herein because, *inter alia*, the "right to an 'examining trial' arises solely under Texas law"). Similarly, an accused has no right to appear before a grand jury to present evidence prior to indictment. *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir.), *cert. denied*, 97 S.Ct. 85 (1976); *see also United States v. Fritz*, 852 F.2d 1175, 1178 (9th Cir. 1988), *cert. denied*, 109 S.Ct. 1156 (1989).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

-4-

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,*

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE